IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:18-CR-30031-NJR |
| EVELYN JEAN JOHNSON, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release titled "Notice and Demand for Immediate Release" under the First Step Act filed *pro se* by Defendant Evelyn Jean Johnson (Doc. 99). Johnson asks the Court to reduce her sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the COVID-19 pandemic, her environment, and her health conditions. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

In September 2015, Johnson was indicted by a federal grand jury in a 29-count indictment. Count 1 alleged that Johnson willfully aided and assisted, procured, counseled, and advised in the preparation and presentation of a false tax return to the Internal Revenue Service. Counts 2-29 alleged that Johnson aided in the preparation and submission of false federal tax returns on 28 separate occasions (Doc. 1, Criminal No. 15-30152-NJR).

In May 2017, after the first day of a jury trial on these charges, Johnson pleaded

guilty to all 29 counts of the indictment. In early 2018, believing it to be sufficient but not greater than necessary, the undersigned sentenced Johnson to 18 months of imprisonment—a downward variance of 23 months from the low end of the guideline range (41 to 51 months). (Docs. 78, 81 in Criminal No. 15-30152-NJR).[1] The undersigned also allowed Johnson, who had been on bond—except for one day spent in custody after she failed to timely appear for trial—to self-surrender to the Bureau of Prisons. A month later, she was ordered to surrender to FCI-Greenville; she failed to do so in violation of 18 U.S.C. § 3146(a)(2). (*Id.*). As a result, she was indicted again (in this case), and a jury later convicted Johnson of knowingly and willfully failing to surrender for service of her sentence. The jury also returned a special verdict which found Johnson committed the offense while on bond. In March 2019, now-retired District Judge Michael J. Reagan sentenced Johnson to a second term of 30 months' imprisonment, to run consecutive to the term imposed by the undersigned in the earlier case, Criminal No. 15-30152-NJR.

Johnson, who is now 59 years old, is scheduled to be released from FCI Aliceville on July 25, 2021.[2] Johnson argues that the COVID-19 pandemic, the environment at FCI Aliceville, and the threat of cold winter months constitute extraordinary and compelling reasons to release her per the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) (Doc. 99).[3]

In response, the Government argues Johnson has failed to meet her burden of

---

[1] The Court's Judgment was affirmed by the Seventh Circuit Court of Appeals on January 25, 2019 (Doc. 107 in Criminal No. 15-30152-NJR).
[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited Jan. 31, 2021).
[3] The government notes Johnson was diagnosed with hepatitis C. Though she received medications, Johnson claimed the blood test was faked and refused a confirmatory blood test. (Doc. 103).

establishing extraordinary and compelling reasons to warrant a sentence reduction (Doc. 103). Specifically, the Government argues Johnson has not demonstrated any extraordinary medical condition, a high risk of becoming severely ill from COVID-19, that the risk of contraction at the facility is higher than if she were released, or that FCI Aliceville cannot provide adequate medical care were she to get sick. (Doc. 103). Separately, the Government points out that during her time at FCI Aliceville, Johnson has been disciplined for being resistive to authority several times. *Id*.

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The parties do not dispute that Johnson exhausted her administrative remedies before moving for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy

statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

Several courts have confronted the issue of whether—given the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no

longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

## DISCUSSION

Under Application Note 1(A)(ii), extraordinary and compelling reasons for reducing a sentence exist when the defendant is currently suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. Here, no extraordinary and compelling circumstances warrant granting Johnson's motion for compassionate release.

Johnson argues that her age (she just turned 59) in the winter months make her more vulnerable to COVID-19 (Doc. 99). Johnson does not, however, claim to be currently suffering from any medical condition. She only fears the possibility of getting "a cold and sniffles." (Doc. 99). The possibility of acquiring a future medical condition, much less a common and minor conditions like a cold and sniffles, cannot be said to meet the high bar required to merit a sentence reduction to time-served. And general concerns about COVID-19, without more, do not make for an exceptional circumstance. Lastly, Johnson's age does not suggest that she is at high risk were she to get infected. *See* U.S.S.G. § 1B1.13.

Because Johnson has cited no extraordinary and compelling reasons for compassionate release pursuant to 18 U.S.C. § 3582, the Court need not consider the factors under 18 U.S.C. § 3553(a) or whether Johnson remains "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

CONCLUSION

For these reasons, the Court finds that Johnson has established no extraordinary and compelling reason warranting a reduction in her term of imprisonment. Her *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  February 1, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**